UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>CHANTIX (VARENICLINE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>*This Document Relates to All Actions* | 22-MD-3050 (KPF)<br><br>22-MC-3050 (KPF)<br><br>**ORDER NO. 1** |

KATHERINE POLK FAILLA, District Judge:

Pursuant to the December 22, 2022 Order of the Judicial Panel on Multidistrict Litigation ("JPML"), *In re: Chantix (Varenicline) Marketing, Sales Practices and Products Liability Litigation (No. II)*, 22-MD-3050, has been assigned to this Court for coordinated or consolidated pretrial proceedings. (Dkt. #1).

It appearing that the civil actions listed on Schedule A, attached hereto (which were transferred to this Court by the December 22, 2022 Order of the JPML (Dkt. #1) and by the January 4, 2023 Conditional Transfer Order 1 of the JPML (Dkt. #2)) merit special attention as complex litigation, it is hereby ORDERED that:

I.  **APPLICABILITY OF THIS ORDER**

The provisions of this Order shall govern the practice and procedure in: (i) those actions transferred to this Court by the JPML pursuant to its December 22, 2022 Transfer Order and January 4, 2023 Conditional Transfer Order 1; (ii) all related actions against Defendant Pfizer Inc. ("Defendant") that are filed in the Southern District of New York and have been or will be

transferred to MDL-3050 involving allegations that (a) Defendant voluntarily recalled the smoking cessation drug Chantix in 2021 after discovering that the product contained a nitrosamine impurity known as N-nitroso-varenicline, a probable human carcinogen; (b) plaintiffs purchased or ingested Chantix containing the alleged impurities; and (c) plaintiffs suffered economic losses and/or require medical monitoring; and (iii) any "tag-along" actions later filed in, removed to, or transferred to this Court.  The Clerk will docket a copy of this Order on the docket of any case newly filed or transferred to this Court.

## II.    CONSOLIDATION

The civil actions listed on Schedule A of this Order are consolidated for pretrial purposes.  Any "tag-along" actions later removed to or transferred to this Court, or directly filed in the Southern District of New York, will automatically be consolidated with this action without the necessity of future motions or orders.  This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

## III.   CAPTION

All orders, pleadings, motions, and other documents served or filed in 22-MD-3050 shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>CHANTIX (VARENICLINE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>*This Document Relates to ["All Actions" or specify by title and case number the individual applicable case(s) if the document relates to fewer than all of the consolidated cases]* | 22-MD-3050 (KPF)<br><br>22-MC-3050 (KPF)<br>*[include if filed in Master Case File]* |

## IV.   FILING AND SERVICE OF DOCUMENTS

All counsel are required to promptly register for and participate in this Court's CM/ECF filing system. That system gives each counsel immediate access to all electronically filed documents and obviates the need to make personal service on the individual parties. Unless otherwise ordered, all documents shall be filed electronically via the Court's CM/ECF system and must be filed in accordance with the Southern District of New York's Local Rules, the Southern District of New York ECF Rules and Instructions, and this Court's Individual Rules and Practices for Civil Cases.

The Court will serve all orders through the ECF system. Upon their appointment, Plaintiffs' lead and/or liaison counsel shall be responsible for providing copies of any order, pleading, motion, letter, or other document to any party/counsel who does not receive service of the order through the ECF system.

In accord with Rule 2.1(c) of the Rules of Procedure of the JPML, all counsel appearing in any of the actions listed in Schedule A — or any tag-along case subsequently transferred — prior to the action's transfer to this District need not enter a notice of appearance or submit a *pro hac vice* application to practice before this Court, and need not obtain local counsel.

All counsel who did not appear in a related action prior to the Transfer Order are directed to enter a notice of appearance and, if necessary, file motion for admission *pro hac vice*. Notices of appearance and *pro hac vice* motions should only be filed on docket 22-MD-3050 and "spread" to the cases for which the attorney represents a party. As discussed *infra*, notices of appearance and *pro hac vice* motions should not be filed on the master case file (22-MC-3050). Those counsel who are not a member of the Bar of this Court shall be deemed admitted *pro hac vice* upon the proper filings with the Clerk as provided by the Local Rules. An attorney need file only one *pro hac vice* motion, even if he or she is the attorney of record for several individual plaintiffs.

All counsel are directed to apply for an ECF password, which can be obtained by visiting the Court's website at www.nysd.uscourts.gov and completing the online registration form.

For assistance with the ECF filing system, counsel should contact the Court's Help Desk at (212) 805-0800 Ext. 2 or helpdesk@nysd.uscourts.gov.

## V.   MASTER CASE FILE

In the Court's view, a master case file limited to filings of significance to the MDL as a whole or a substantial number of member cases would be

4

advantageous. Accordingly, the Clerk of Court is directed to open a master case file bearing docket number 22-MC-3050. Any filing fees associated with opening the master case file docket are waived. The caption shall read "In re: Chantix (Varenicline) Marketing, Sales Practices and Products Liability Litigation (No. II), 22-MD-3050." For administrative purposes only, in 22-MC-3050, Plaintiffs shall be listed as "Chantix MDL (No. II) Plaintiffs" and Defendant shall be listed as "Chantix MDL (No. II) Defendant." There will be no appearances entered unless and until the Court orders otherwise.

      The master case file will be limited to the Court's case management orders, other orders of significance, and substantive filings by the parties that relate to all actions (*e.g.*, master pleadings, motion papers). It will not include *pro hac vice* motion papers, the Court's standing orders, conditional transfer orders, notices of appearance, and the like. Parties should file documents on the master case file (in addition to, not in lieu of, the MDL docket) **if and only if** they are (i) master pleadings that apply to most or all member cases; (ii) substantive motions that apply to most or all member cases; or (iii) documents that the Court has directed to be filed on the maser case file. If counsel is uncertain about whether to file something on the master case file, counsel should call Chambers to inquire. Papers filed inappropriately will be stricken from the docket. The Court will transfer any and all relevant documents filed in 22-MD-3050 to 22-MC-3050.

      The Clerk of Court is directed to transfer docket entry 1 (Transfer Order) and docket entry 2 (Conditional Transfer Order 1) from 22-MD-3050 to 22-MC-

3050, to be followed by this Order (Order #1).  This Order shall also be docketed in 22-MD-3050, and all matters consolidated therewith.

This Order and all subsequent entries docketed in 22-MC-3050 are to be docketed simultaneously in 22-MD-3050.

## VI. INITIAL CONFERENCE

The Court will conduct an Initial Conference on **April 7, 2023**, **at 11:00 a.m.**, in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.  Counsel shall check in with Courtroom Deputy Talena Noriega at least 15 minutes in advance.  Counsel should arrive at the Courthouse with sufficient time to go through security.  Seats in the courtroom may not be reserved.

### A. Familiarity with Annotated Manual for Complex Litigation and the Court's Individual Rules of Practice in Civil Cases

Counsel are expected to familiarize themselves with (i) the *Manual for Complex Litigation, Fourth Edition* ("MCL Fourth"), available at https://public.resource.org/scribd/8763868.pdf; (ii) the Local Rules for the Southern District of New York, available at https://nysd.uscourts.gov/rules/rules.pdf; and (iii) this Court's Individual Rules of Practice for Civil Cases, available at https://www.nysd.uscourts.gov/hon-katherine-polk-failla, in advance of the conference, and to be prepared to suggest procedures that will facilitate expeditious, economical, and just resolution of this litigation.

### B. Personal Appearance Not Required

Each party represented by counsel shall appear at the initial conference through his or her attorney, who will have primary responsibility for the party's interest in this litigation. Should a party not represented by counsel appear in this MDL, that party must appear at future conferences in person, unless otherwise ordered. To minimize costs and facilitate a manageable conference, parties with similar interests may, to the extent practicable, agree to have an attending attorney represent their interests at the conference. A party will not, by so designating an attorney to represent his/her interests at the conference, be precluded from other representation during the litigation. Attendance at the conference will not waive objections to jurisdiction, venue, or service.

### C. Agenda and Pretrial Schedule

Counsel for the parties shall confer in advance of this conference to discuss (i) a proposed agenda for the Initial Conference and (ii) a proposed schedule for pretrial activities, including discovery and motions, in this MDL. The items listed in MCL Fourth Sections 22.6, 22.61, 22.62, and 22.63 shall constitute a tentative agenda for the conference.[1] Counsel shall jointly prepare, and counsel for Defendant shall send the Court, a single-spaced letter, not to exceed ten (10) pages, by the close of business on **March 31, 2023**, setting forth the parties' proposed agenda and views on each agenda item. This proposed agenda shall be filed in **both 22-MD-3050 and 22-MC-3050**.

---

[1] These Sections of the MCL Fourth pertain to mass tort cases, but nonetheless provide helpful guidance for proceeding in MDLs like this one.

Without limiting the subjects to be addressed, the Court asks that counsels' joint letter address the following three subjects.

*Theories of harm and differences among Plaintiffs*:  All of the transferred actions assert claims based on breach of express and implied warranties, the Magnuson-Moss Warranty Act, negligence, fraud, negligent misrepresentation and omission, unjust enrichment, and violation of state consumer protection laws.  Consumer Plaintiffs in six actions assert a claim for medical monitoring, and third-party payor Plaintiffs in two actions bring claims based on their payment for or reimbursement of purchases of Chantix.  Counsel should identify any relevant differences among these theories of harm and among these classes of Plaintiffs that may affect the course of this litigation.

*Dismissal of* Harris:  On February 16, 2022, United States District Judge Denise L. Cote of the Southern District of New York granted Defendant's motion to dismiss *Harris* v. *Pfizer Inc.*, 586 F. Supp. 3d 231 (S.D.N.Y. 2022). *Harris* concerned claims of (i) breach of express warranty; (ii) breach of the implied warranty of merchantability; (iii) violation of New Jersey's Consumer Fraud Act; (iv) unjust enrichment; (v) fraud; (vi) negligent misrepresentation; and (vii) violation of New York General Business Law Sections 349 and 350. Plaintiff's claims were premised on Defendant's recall of Chantix due to the presence of N-nitroso-varenicline.  Counsel should be prepared to discuss whether *Harris* bears on any issue related to this MDL.

*Substantive motions and case trajectory*:  The Court asks counsel to identify any non-discovery motions (*e.g.*, motions to dismiss) that are

8

anticipated, and to comment more broadly on the anticipated trajectory, timetable, and efficient sequencing of this litigation.

### D. Temporary Lead Counsel

As reviewed below, the Court presently intends to appoint lead counsel for Plaintiffs in this litigation. The Court expects that lead counsel for Defendant will be DLA Piper LLP, which the Court understands to have represented Defendant in all JPML proceedings and in all underlying actions. The Court directs Defendant, by letter due **March 10, 2023**, not to exceed three pages single-spaced, (i) to notify the Court if this is incorrect, and (ii) to identify the individual lawyer who will be its lead counsel. This letter shall be filed in **both 22-MD-3050 and 22-MC-3050**. Solely to facilitate written submissions to the Court in advance of the initial pretrial conference, the Court hereby designates the following as *temporary* lead and liaison counsel for Plaintiffs ("Temporary Plaintiffs' Counsel"):

> Ruben Honik
> Honik LLC
> 1515 Market Street
> Suite 1100
> Philadelphia, PA 19102
> Telephone: (267) 435-1300

This temporary designation is not a precursor of future appointments, but simply a means to initiate the appointment process and facilitate the Initial Conference.[2] All counsel should have a full opportunity to participate in the discussion and the status letters that the Court requests herein.

---

2   The designated lead counsel is the counsel whom the Court understands to represent the plurality of Plaintiffs in the consolidated cases.

9

**E.     Appointment of Plaintiffs' Lead and Liaison Counsel, and of Committees**

The Court presently intends to appoint lead counsel and liaison counsel for Plaintiffs in this litigation. The duties of lead and liaison counsel are enumerated in the MCL Fourth Section 10.22. The Court is interested, however, in counsels' views on (i) how lead counsel and liaison counsel should be structured — including whether a single set of lead counsel and liaison counsel should be appointed for all plaintiffs; and (ii) the best process for selecting lead counsel and liaison counsel. The Court does not presently believe that it will be necessary to establish a Plaintiffs' steering committee or other committees. However, counsel should be prepared to discuss at the Initial Conference whether such committees are necessary or desirable, as discussed in the MCL Fourth Section 10.221.

The Court values collegiality and consensus. Counsel for Plaintiffs, to the extent they have not already done so, shall confer in advance of the conference and seek consensus on these matters. Plaintiffs' counsels' views on how to appoint lead and liaison counsel are to be submitted to the Court by letter from Temporary Plaintiffs' Counsel, not to exceed 10 pages single-spaced, due **March 17, 2023**. If Defendant wishes to be heard on the issue of selecting lead and liaison counsel, defense counsel may file a letter in response, not to exceed five pages single-spaced, due **March 24, 2023**. These letters shall be filed in **both 22-MD-3050 and 22-MC-3050**.

Separately, the Court directs that Temporary Plaintiffs' counsel submit a letter, not to exceed 10 pages single-spaced, containing their recommendations

for appointments of lead and liaison counsel.  This letter is due **March 17, 2023**.  **The letter containing Plaintiffs' recommendations as to appointees shall be filed under seal on both 22-MD-3050 and 22-MC-3050**.  Plaintiffs shall relate this sealed letter to this Order when filing the letter on CM/ECF.  Plaintiffs' letter regarding recommendations for appointments shall make three recommendations for each of these positions.  The letter shall provide Plaintiffs' recommendations for each position, along with each nominee's resume or curriculum vitae (not to exceed three pages) — which should include educational background, licensing status, and a short list of relevant experience with similar cases — and certificates of good standing from the courts where the individuals are admitted to practice.  To the extent that Plaintiffs have reached consensus on one of the three recommendations for lead or liaison counsel, such consensus should be noted in Plaintiffs' letter.

    **F.**    **Compensation and Time and Expense Records**

Any counsel who anticipates seeking an award of attorneys' fees and reimbursement expenditures from the Court shall comply with the directives contained in the MCL Fourth Section 14.213 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred.

**VII.  ADDITIONAL PRE-CONFERENCE SUBMISSIONS**

    **A.**    **Direct Filing of Cases**

Counsel for Defendant shall advise the Court by letter, by **March 10, 2023**, not to exceed three pages single-spaced, whether it will stipulate that it

will not object, based on improper venue, to the filing directly in the Southern District of New York of related cases that emanate from other districts and that would appropriately be included in this MDL. This stipulation would be made with the understanding that upon completion of all pretrial proceedings applicable to a case directly filed in this Court pursuant to this provision, this Court, pursuant to 28 U.S.C. § 1404(a), will consider whether transfer of the direct-filed case to a federal district court of proper venue, as defined in 28 U.S.C. § 1391, is warranted after considering the recommendations of the parties to that case. In any direct-filed case, Plaintiff is to specify in the Complaint the district in which the case would otherwise have been filed. That district will be treated as the transferor district for the purposes of this case. Defendant shall file this letter in **both 22-MD-3050 and 22-MC-3050.**

### B. Status Letters

No later than **March 31, 2023**, Plaintiffs (through Temporary Plaintiffs' Counsel) and Defendant shall each submit to the Court a status letter (that is, one letter on behalf of all Plaintiffs, and one letter on behalf of Defendant) setting forth the following information in separate paragraphs:

(1) A brief statement of the nature of the action(s) and/or the principal defenses thereto, including any critical legal issues involved in the case(s);

(2) A list of all existing deadlines, due dates, and/or cut-off dates;

(3) A list and brief description of any outstanding motions;

(4) A brief statement with respect to whether a single consolidated complaint (or multiple consolidated complaints) can or should be filed in this action;

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(7) A brief statement with respect to whether court-ordered mediation would be useful and, if so, whether such mediation should be conducted by the assigned Magistrate Judge, through the Court's mediation program, or by a privately retained mediator and when such mediation should be conducted;

(8) A list of all related cases pending in state or federal court, together with their current status, including discovery taken to date and pending motions, to the extent known;

(9) A list of all parents, subsidiaries, and companies affiliated with the corporate parties and of all counsel associated in the litigation to help the Court identify any problems of recusal or disqualification; and

(10) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

Each letter shall not exceed 10 pages single-spaced (exclusive of the lists, which may be provided as attachments) and shall be filed as a letter on ECF. Counsel shall file the status letters in **both 22-MD-3050 and 22-MC-3050**.

## VIII. EXTENSION AND STAY

This Order vacates any case management or scheduling order issued by a federal court prior to the transfer of a case to MDL-3050. Moreover, all pending motions in the transferor courts are denied without prejudice, and will be adjudicated under procedures set forth in this Order and subsequent orders issued by the Court. To the extent it has not already answered, Defendant is granted an extension of time for responding to Complaint(s) in cases

comprising this MDL until a date set by the Court. Pending the Initial Conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery requests shall be initiated.

## IX. DISCOVERY

Pending the Initial Conference and further orders of the Court, all outstanding discovery proceedings are suspended, and no further discovery shall be initiated. This directive does not, however, (i) preclude the provision of voluntary discovery by any party; (ii) preclude informal discovery regarding the identification and location of relevant documents and witnesses; (iii) preclude parties from stipulating to the conduct of a deposition that already has been scheduled; (iv) prevent a party from voluntarily responding to an outstanding discovery request under Federal Rules of Civil Procedure 33, 34, or 36; or (v) authorize a party to suspend its efforts in gathering information needed to respond to an existing request under Federal Rules of Civil Procedure 33, 34, or 36.

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody, and control of parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-

mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs, and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies, or other similar such material.  Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.  Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation.  Counsel are under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of this directive.

**X.   MOTIONS**

No motion shall be filed under Rule 11, Rule 12, Rule 37, or Rule 56 without the Court's approval.  To obtain such approval, the movant shall file a letter motion on ECF seeking a pre-motion conference with the Court.  Any such letter motion shall be filed **both 22-MD-3050 and 22-MC-3050**.

No letter motion shall be filed unless it includes a certification that the movant has conferred with opposing parties and made a good faith effort to resolve the matter without court action.

## XI. SUMMARY OF DEADLINES

| Deadline | Submission | Party or Parties | Maximum Length |
|---|---|---|---|
| March 10, 2023 | Letters regarding direct filing of cases and the identification of Lead Defense Counsel | Defendant's Counsel | Three pages each |
| March 17, 2023 | Letters regarding Lead and Liaison Counsel appointment | Temporary Plaintiffs' Counsel | 10 pages |
| March 24, 2023 | Optional letter responding to Plaintiffs' letter regarding Lead and Liaison Counsel appointment | Defendant's Counsel | Five pages |
| March 31, 2023 | Status letters providing requested information | Temporary Plaintiffs' Counsel and Defendant's Counsel (separately) | 10 pages |
| March 31, 2023 | Joint letter setting forth a proposed initial conference agenda and schedule for pretrial activities | Temporary Plaintiffs' Counsel and Defendant's Counsel (jointly) | 10 pages |

As noted above, all of the above submissions shall be filed in **both 22-MD-3050 and 22-MC-3050.**

## XII. SERVICE OF THIS ORDER

As of today's date, all actions listed on Schedule A of the December 22, 2022 Transfer Order (Dkt. #1) have been transferred to this Court, but all actions listed in Schedule CTO-1 of the January 4, 2023 Conditional Transfer Order 1 (Dkt. #2) have not yet been transferred to this Court. Accordingly, it is hereby ORDERED that, no later than **January 13, 2023**, counsel for Defendant shall serve this Order electronically on counsel for all parties in all actions listed in Schedule CTO-1 of the January 4, 2023 Conditional Transfer Order 1. (Dkt. #2). As noted, to the extent that additional actions are filed or transferred to this Court, the Clerk is directed to docket a copy of this Order on the docket of the underlying case.

## XIII. FURTHER AMENDMENT

Matters addressed in this Order may be reconsidered, upon the motion of any party or on this Court's own motion.

SO ORDERED.

Dated: January 6, 2023
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

## Schedule A

**December 22, 2022 Transfer Order (Dkt. #1)**

- *Seeley* v. *Pfizer, Inc.*, 21 Civ. 7892 (N.D. Cal.)
- *Houghton* v. *Pfizer, Inc.*, 21 Civ. 23987 (S.D. Fla.)
- *Evans* v. *Pfizer, Inc.*, 21 Civ. 1263 (S.D. Ill.)
- *County of Monmouth* v. *Pfizer, Inc.*, 22 Civ. 2050 (D.N.J.)
- *Abreu* v. *Pfizer, Inc.*, 22 Civ. 1433 (S.D.N.Y.)
- *MSP Recovery Claims Series 44, LLC, et al.*, v. *Pfizer, Inc.*, 22 Civ. 9837 (S.D.N.Y.)
- *Edwards* v. *Pfizer, Inc.*, 21 Civ. 4275 (E.D. Pa.)
- *Duff* v. *Pfizer, Inc.*, 21 Civ. 1350 (W.D. Pa.)

**January 4, 2023 Conditional Transfer Order 1 (Dkt. #2)**

- *Spence et al.* v. *Pfizer, Inc.*, 21 Civ. 6324 (N.D. Ill.)
- *Ellis* v. *Pfizer, Inc.*, 22 Civ. 11876 (D. Mass.)
- *Lima* v. *Pfizer, Inc.*, 22 Civ. 2243 (D. Minn.)
- *LaMotte* v. *Pfizer, Inc.*, 22 Civ. 2325 (D. Minn.)
- *Walter* v. *Pfizer, Inc.*, 22 Civ. 1708 (D. Or.)
- *Baptiste* v. *Pfizer, Inc.*, 22 Civ. 3647 (E.D. Pa.)
- *Bleeker* v. *Pfizer Inc.*, 22 Civ. 277 (E.D. Wash.)
- *Fish* v. *Pfizer Inc.*, 22 Civ. 278 (E.D. Wash.)